UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-63020-BLOOM/Valle

JAMES T. WEBB,

    Appellant,

v.

ROBIN WEINER,

    Appellee.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Appellant James T. Webb's ("Appellant") Motion for Review and/or Rehearing of Order Dismissing Bankruptcy Appeal for Failure to Pay Fee, ECF No. [9] ("Motion"). Appellant initially filed his Notice of Appeal of the Denial of the Motion to Reopen his bankruptcy case, ECF No. [1], on December 9, 2019. On December 26, 2019, the Bankruptcy Court issued an order dismissing this appeal for Appellant's failure to pay the filing fee. ECF No. [6]. Appellant now files the instant Motion requesting that the case be reopened so that this Court can grant habeas relief and release Appellant from prison.

The Court is without jurisdiction to grant the relief requested by Appellant in his Motion. *See* 28 U.S.C. ch. 153. Likewise, the Court also concludes that denial is warranted because Appellant has failed to support his request for rehearing. "[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994));

*see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

Further, Federal Rule of Civil Procedure 60(b) sets forth the circumstances under which a litigant may reopen a case:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Upon review, even under the most expansive reading, the Motion fails to address any of the potential grounds justifying reconsideration and fails to set forth any ground that warrants

reopening this case. The Motion similarly invokes no legal theory or statute to justify such relief. The Court therefore finds that Plaintiff has failed to demonstrate any grounds for reconsideration here. Thus, Appellant's Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Appellant's Motion, **ECF No. [9]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record