UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-63020-BLOOM/Valle

JAMES T. WEBB,

    Appellant,

v.

ROBIN WEINER,

    Appellee.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Appellant James T. Webb's ("Appellant") Motion for Reconsideration of Application to Appeal Proceed *In Forma Pauperis* with Affidavit, ECF No. [17] ("Motion"). The Court has carefully considered the Motion and the record in this case, and is otherwise fully advised. For the reasons set forth below, Appellant's Motion is denied.

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to

correct clear error or prevent manifest injustice. *See Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (internal quotation marks omitted) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

Here, Appellant seeks reconsideration of the Court's previous denial of his request to appeal *in forma pauperis* by attaching an affidavit explaining his financial situation. However, as noted above, a motion for reconsideration is not a mechanism through which a litigant may present evidence that could have previously been submitted. *Wilchombe*, 555 F.3d at 957. Thus, the Court rejects Appellants' attempt to take another "bite at the apple." *Id.* at 958.

Moreover, even on the merits, the Court concludes that the Motion should be denied. Specifically, Appellant's affidavit still does not meet the requirements of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(a)(1)-(2) (requiring that an affidavit in support of a motion to proceed *in forma pauperis* "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress," and that a prisoner moving for such relief "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined"); *see also* Fed. R. App. P. 24(b)(1) ("a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: . . . shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for

fees and costs; . . . claims an entitlement to redress; and . . . states the issues that the party intends to present on appeal"). Therefore, Appellant's failure to comply with the requirements for proceeding with a motion to appeal *in forma pauperis* are fatal to the instant Motion. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that, despite the leniency afforded *pro se* parties, they must follow procedural rules).

Should Appellant wish to proceed with the pending appeal, the Court directs him to Federal Rule of Appellate Procedure 24(a)(5), which states that a "party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)." Fed. R. App. P. 24(a)(5). Further, a motion to proceed on appeal *in forma pauperis* "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)." *Id.*

Accordingly, it is **ORDERED AND ADJUDGED** that Appellant's Motion, **ECF No. [17]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 12, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

James T. Webb
13206056
Butner FMC
Federal Medical Center
Inmate Mail/Parcels
Post Office Box 1600
Butner, NC 27509